Halsall *v.* Meier.

---

## HALSALL, Respondent, *vs.* MEIER, Appellant.

1. A recognizance for an appeal from a justice of the peace described the defendant as plaintiff, and the plaintiff as defendant. *Held*, this might be treated as a clerical error, the transcript accompanying the recognizance correctly describing the relation of the parties to the suit.

*Appeal from St. Louis Law Commissioner's Court.*

Halsall brought an action against Meier before a justice of the peace and recovered judgment. Meier took an appeal to the law commissioner's court, and entered into a recognizance. The recognizance was in the form prescribed by the statute, (R. C. 1845,) but Meier was named as plaintiff and Halsall

as defendant in the action. The law commissioner dismissed the appeal for the insufficiency of the recognizance, and Meier appealed to this court.

*C. B. Lord*, for appellant, that the recognizance was sufficient, cited 1 Wend. 518, 3 Green, 462, 4 Blackf. 473, 496, 5 Watts & Serg. 363, 11 Ohio, 420, 3 Har. 8, 1 Dana, 145, R. C. 1845, p. 670, art. 8, § 17, 10 Barb. S. C. Rep. 376.

*M. L. Gray*, for respondent, cited R. C. 1845, p. 668, § 4. 14 Mo. Rep. 529. 10 Mo. Rep. 287. 9 Mass. 492. 16 Mass. 447.

LEONARD, Judge, delivered the opinion of the court.

We suppose there is no doubt but that this recognizance was taken in the case in which it went up to the law commissioner's court, and that the parties supposed, until they were otherwise advised, that they were bound by it. The danger is that, in the natural desire every court feels to administer justice according to the very right of the case, disregarding mere forms and looking alone to the substance of things, we may overturn principles which, although of no practical value in the particular case, are the great safeguards of right.

The statute requires the recognizance, in a case like the present, to be signed by the parties and attested by the justice, (R. C. 1845, tit. Justices' Courts, art. 8, sec. 8,) and these are the only matters prescribed, other than what is necessarily implied, that it contain sufficient words to bind the parties for the performance of the things it is intended to secure, identifying, with reasonable certainty, the case in which it is given. The legislature have prescribed a form which, if followed, (although this is not imperatively required,) will always relieve the matter from doubt. This form, it is seen, identifies the case, by reference to the parties, not only by name, but also by their relation to it, as plaintiff and defendant; but yet we do not think the recognizance would be void if the character of the parties, as plaintiff and defendant, was entirely omitted; and if this description, here given, is shown by the transcript

which the recognizance accompanied into the law commissioner's court, to be a mistake, a mere clerical slip, why may we not reject it as such, unless this fair presumption is met by proof of another suit, corresponding in these particulars with the recognizance. We think we may do so, and that the purposes of justice will be promoted thereby, and no legal principle violated.

Let the judgment be reversed and the cause remanded.